UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

JOHN PHILLIPPE BURELLE,            Case No. 08-31584-dof
                                                                                Chapter 7 Proceeding
           Debtor.                                  Hon. Daniel S. Opperman
_____/

Opinion Regarding Motion for Reconsideration
of The Law Offices of Anthony J. Szilagyi, PLLC

This matter is before the Court upon the Motion for Reconsideration filed by The Law Offices of Anthony J. Szilagyi, PLLC, seeking relief from an Order of this Court dated January 15, 2010. The January 15, 2010, Order of this Court directs that Mr. Szilagyi remit the sum of $2,372.00 to the Debtor, John Phillippe Burelle, within fourteen (14) days. The Court conducted a hearing on the Motion for Reconsideration on March 10, 2010, and after oral argument indicated that it would take this matter under advisement. Mr. Szilagyi, at the request of the Court, provided copies of his retainer agreement with the Debtor and his statements of services provided to the Debtor (Exhibits 1, 2, and 3, respectively).

The relevant facts of this matter are as follows. The Debtor filed a Chapter 7 bankruptcy petition and received a discharge on July 30, 2008. Afterward, the Debtor was involved in various state court proceedings initiated by creditors, Raymond and Brenda Haan. Although the Court lifted the automatic stay pursuant to 11 U.S.C. § 362 to allow the state court action to continue as to the validity of a lien, actions involving the breach of contract and collection claims against the Debtor were stayed and discharged as a result of the discharge granted to the Debtor by this Court. The Debtor was concerned about the actions of Mr. and Mrs. Haan because they sought a money

1

judgment against him, so the Debtor retained Mr. Szilagyi and signed a retainer agreement dated March 30, 2009. The Debtor also paid $1,500.00 as a retainer (Exhibit 1). The retainer agreement clearly indicates that Mr. Szilagyi agreed to represent the Debtor on an hourly basis with the rate being $170.00 per hour. On April 23, 2009, the Debtor, through his counsel, James Edokpolo, filed a Motion to Reopen the instant case. On the same day, the Court entered an Order Reopening Case and the Debtor subsequently filed a "Motion to Enforce Order of Discharge and Stay" on April 24, 2009.

The Motion to Enforce Order of Discharge and Stay contained an Affidavit signed by the Debtor attesting to the expenditure of $1,267.50 in defense of the creditors' litigation with an additional $485.50 to date in preparation for the filing of the motion. Further, the brief in support of the motion recites the same amounts and requested that the Court enter an order awarding the Debtor "his damages, attorney fees, costs, and punitive damages for Creditors' willful violation of the Automatic Stay."

After the motion was filed and served, no response was made, so the Debtor filed a certificate of no response, and the Court entered an Order on June 26, 2009, determining damages, costs, attorney fees, and expenses of $485.50, plus $1,267.50 in defense of the creditors' litigation. The Order also awarded $1,000.00 for punitive damages. On August 21, 2009, the creditors paid $2,753.00 to Mr. Szilagyi, who retained that amount in payment for the services he rendered to the Debtor.

The Debtor, being dissatisfied with that result, filed a Motion for Reimbursement. Mr. Szilagyi filed a response to the motion, but did not appear at the scheduled hearing. The Court granted the relief requested by the Debtor. Subsequently, Mr. Szilagyi filed the instant motion

claiming that he did not receive notice of the hearing because he is not a member of the Court's electronic filing system. Given this statement, the Court heard arguments regarding Mr. Szilagyi's motion on March 10, 2010.

Applicable Law

E.D.Mich. LBR 9024-1(a) governs this matter and dictates that a motion for reconsideration is granted if the movant demonstrates that the Court and parties were misled by a palpable defect and that a different disposition of the case must result from the correction of such palpable defect. To establish a "palpable defect", the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest and justice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(c) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The Court analyzes this case as follows. In this case, the Court awarded $2,753.00 based upon information given to the Court by the Debtor, through counsel. In regard to the affidavit signed by the Debtor, the Debtor obviously relied upon information given to him by his attorneys for the amounts owed as of April 24, 2009. Since the creditors, Mr. and Mrs. Haan did not respond to the Debtor's Motion to Enforce Order of Discharge and Stay, minimal legal services were required after the April 24, 2009, motion.

In support of his position, Mr. Szilagyi presented statements for services dated May 25, 2009, and August 25, 2009, that were accepted as Exhibits 2 and 3, respectively. Exhibit 2 details services rendered by Mr. Szilagyi starting March 27, 2009, and continuing through April 28, 2009.

3

Exhibit 2 demonstrates that Mr. Szilagyi had $2,890.00 of effort invested in the Debtor's case, along with an additional $275.00 for expenses. This amount is far in excess of the $1,267.50 recited in Debtor's motion and attested to by the Debtor in an affidavit prepared by Debtor's counsel. Exhibit 3 details additional services provided by Mr. Szilagyi totaling $204.00 for the month of June, 2009, and an additional $391.00 for services on June 29, 2009, and August 18, 2009. Exhibit 3 also details expenses of $500.00 for Mr. Edokpolo's services.

This is an unfortunate example of an attorney who has performed services for his client, but now stands the prospect of not being paid in full for those services. Mr. Szilagyi did not give any reason why the services detailed in Exhibit 2 were far in excess of the $1,267.50 stated in the April 24, 2009, motion and the Court cannot arrive at any calculation using Exhibit 2 as the basis to arrive at the amount of $1,267.50 as being owed on that date.

The Court will return to the intention and expectation of the parties when the retainer agreement was signed on March 30, 2009. The Debtor fully knew that he needed the services of an attorney and that those services would be charged at an hourly rate of $170.00 per hour. The Debtor also knew that $1,500.00 was required as a retainer and that additional monies may be owed. The Debtor also expected, however, that his attorney would represent him fully and make the necessary requests so that the Debtor would be compensated or repaid for any monies owed to his attorney.

In this case, the error that occurred is that of Mr. Szilagyi. The Court would have awarded additional fees and costs because it was understood that the April 24, 2009, motion included the best estimate of the expenses to date. There was no reason given, however, as to why there was such a divergence between the $2,890.00 that appears in Exhibit 2 and the $1,267.50 that appears in the motion and affidavit of the Debtor. On the other hand, the Debtor must have known that additional

4

work would be necessary even after the filing of the April 24, 2009, motion.

To place the parties where they should be, the Court makes the following adjustments. First, all services rendered by Mr. Szilagyi on or before April 24, 2009, are valued at $1,267.50. In addition, services provided by Mr. Edokpolo are valued at $485.50. For services rendered by Mr. Szilagyi after April 24, 2009, the Court has reviewed Exhibits 2 and 3 and will allow the two entries dated April 28, 2009, at $34.00 each, as well as the services for the month of June, 2009, in the amount of $204.00 and the June 29, 2009, services in the amount of $51.00, as well as the August 18, 2009, services of $340.00. These amounts total $2,416.00. Since the Debtor had already paid $1,500.00, $916.00 is left owed by the Debtor. On August 21, 2009, Mr. Szilagyi received $2,752.00 and is entitled to payment of the $916.00 from that amount, leaving the amount of $1,836.00 that should be reimbursed by his office to the Debtor.

Accordingly, the Court concludes that the Motion for Reconsideration filed by Mr. Szilagyi should be DENIED in part and GRANTED in part. To the extent necessary, the Order of this Court dated January 15, 2010, is amended to require The Law Offices of Anthony J. Szilagyi, PLLC to remit the sum of $1,836.00 to the Debtor, John Burelle, within fourteen (14) days of the date of this Order.

The Court will enter an Order consistent with this Opinion.

cc:  Anthony J. Szilagyi
     John Burelle

**Signed on March 22, 2010**

                                       **/s/ Daniel S. Opperman**
                                       **Daniel S. Opperman**
                                       **United States Bankruptcy Judge**